IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

    vs.                                 No. 2:19-CR-01379-KG-KRS
                                       No. 2:20-CV-01144-KG-KRS

JORGE NEVAREZ-LEDEZMA,

       Defendant.

ORDER ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

      THIS MATTER is before the Court on (1) Defendant Jorge Nevarez-Ledezma's Motion

Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal

Custody (CV Doc. 1); (CR Doc. 40)[1]; (2) the Government's response to the motion (CV Doc. 7);

(3) Defendant's reply thereto (CV Doc. 8); (4) the Magistrate Judge's Proposed Findings and

Recommended Disposition (CV Doc. 10) ("PFRD"), filed June 28, 2021; and (5) Defendant's

objections to the PFRD, filed on July 13, 2021 (CV Doc. 11). The Government has filed no

objections to the PFRD within the time allotted for doing so. Having conducted a *de novo* review

of those portions of the PFRD to which Defendant objected, the Court adopts the PFRD,

overrules Defendant's objections, and denies Defendant's § 2255 motion as to Grounds One,

Two, and Four.

## I.      STANDARD OF REVIEW

      When a party objects to a PFRD, the Court "shall make a de novo determination of those

portions . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C). The party must make

---

[1] The Court follows the Magistrate Judge's practice of referring to documents filed in the civil case, CV 20-1144 KG/KRS, by the designation "CV Doc." All citations to "CR Doc." refer to documents filed in the criminal case, CR 19-1379 KG/KRS. Where documents are filed in both cases, the Court refers to the filing in the civil case.

specific objections; general or conclusory objections do not preserve review. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060-61 (10th Cir. 1996). "[T]he filing of objections . . . enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," and only objections that clearly "focus the district court's attention" on the central disputes will be considered. *Id.* at 1059-1060. Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are also deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

## II.      ANALYSIS

### A.  Waiver of Postconviction Rights

In Ground One, Defendant argues that the Court should not have accepted his plea because there was no factual basis to support it. (CV Doc. 1 at 4). However, the Magistrate Judge concluded that the waiver of postconviction rights found in Defendant's plea agreement bars Ground One because the claim falls within the scope of the waiver, Defendant knowingly and voluntarily waived his postconviction rights, and there was no showing that enforcement of the waiver would result in a miscarriage of justice. (*See* CV Doc. 10 at 5-10). Because he found that the first and third factors of this test were plainly satisfied, the Magistrate Judge's analysis focused largely on the knowing and voluntary nature of the waiver. (*See id.* at 6-10).

Defendant's objections mostly center on the merits of his underlying claim, rather than on the applicability of the waiver of postconviction rights to that claim. (CV Doc. 11 at 2-3). To the extent that his objections address the postconviction waiver, Defendant seems to argue that his plea (including his agreement to the postconviction waiver language) was not sufficiently knowing because both the text of his plea agreement and the Rule 11 colloquy "merely constituted unsubstantiated legal conclusions." (*See id.* at 2) (citing *McCarthy v. United States*,

394 U.S. 459, 467 (1969)). But as the Magistrate Judge found, the plea agreement itself described the elements of the charged offenses (CR Doc. 26 at 2) as well as Defendant's own admission of facts (*id.* at 4-5), including his concession that there was "a factual basis for each element" of the crimes to which he pleaded (*id.* at 5). Similarly, the Rule 11 colloquy included a discussion of the elements of each crime (Gov't Ex. 1 at 4-6), a discussion of the facts underlying the charge (*id.* at 11-12), Defendant's confirmation that he had a full opportunity to discuss the facts with his attorney (*id.* at 6), his concession that the factual allegations in his case were true (*id.* at 12), and his agreement that he understood the charges and the terms of his plea agreement (*e.g.*, *id.* at 6-7). While either of these avenues is "enough to conclude the [postconviction] waiver was knowing and voluntary," the "synergistic effect of both [is] conclusive" on this question. *See United States v. Tanner*, 721 F.3d 1231, 1234 (10th Cir. 2013) (citing *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004)).

Having conducted a *de novo* review in light of Defendant's objections, the Court adopts the Magistrate Judge's proposed findings as to the applicability of the postconviction waiver provision to Defendant's claim, including the proposed findings concerning the knowing and voluntary nature of the plea agreement and the postconviction waiver provision contained therein. Defendant's objections regarding that claim are overruled.

B.  Ineffective Assistance of Counsel

The Magistrate Judge recognized four distinct ineffective assistance of counsel claims in Defendant's motion. In Ground Two, Defendant raised two claims: that his trial counsel failed to properly challenge his indictment on duplicity grounds, and that trial counsel failed to sufficiently challenge the factual basis for his § 924(c) conviction. (*See* CV Doc. 1 at 5). In Ground Three, Defendant argued that his attorney ignored instructions to file an appeal (*see id.* at

7), while Ground Four faulted counsel for failing to file a motion to suppress certain evidence (*see id.* at 8).

The Magistrate Judge recommended that a hearing be held as to the claim raised in Ground Three and that counsel be appointed on Defendant's behalf for that purpose. (CV Doc. 10 at 23). Neither party objects to these recommendations or the associated proposed factual findings. (*See* CV Doc. 11 at 4). Likewise, neither party challenges the Magistrate Judge's recommendation that the second claim in Ground Two be denied or the factual findings proposed therewith. (*See* CV Doc. 10 at 16-19). After conducting a *de novo* review as to these asserted grounds for relief, the Court adopts the proposed factual findings and the Magistrate Judge's recommendations as to those claims.

Defendant does object to the Magistrate Judge's recommendation that his first claim in Ground Two, concerning the supposedly duplicitous nature of his § 924(c) conviction, be denied. (*See* CV Doc. 11 at 3-4); (*see also* CV Doc. 10 at 11-16) (proposed findings and recommendations as to this claim). Defendant first contends that the Magistrate Judge implicitly found that trial counsel was ineffective and that "a presumption of prejudice" should apply because he was convicted on a purportedly duplicitous charge. (*See* CV Doc. 11 at 3). However, the Magistrate Judge expressly disclaimed any finding that Defendant's charge of conviction was duplicitous or that Defendant's trial counsel was ineffective in failing to argue as much, concluding instead that Defendant did not suffer prejudice even if counsel had performed ineffectively. (*See* CV Doc. 10 at 13-14) (finding support for aspects of Defendant's duplicity argument but electing not to "resolv[e] the question" given the absence of prejudice). And even if the Court were to find deficient performance by counsel as Defendant proposes, there is no authority supporting Defendant's proposition that a presumption of prejudice should arise

4

whenever counsel fails to challenge a duplicitous charge of conviction. On the contrary, there is persuasive caselaw suggesting that no such presumption exists. *Cf., e.g.*, *United States v. Gann*, 159 F. App'x 57, 59-60 (10th Cir. 2006) (unpublished) (dismissing appeal of § 2255 denial of ineffective-assistance claim where, "[r]egardless of whether the duplicity issue is reasonably debatable, what is not reasonably debatable is that [defendant] cannot show prejudice"). This objection is overruled.

Defendant does not object to the Magistrate Judge's reliance on persuasive authority for the proposition that prejudice cannot be established where a habeas movant "admits to the elements of *both* offenses in a [supposedly] duplicitous charge as part of a knowing and voluntary plea." (*See* CV Doc. 10 at 14-15) (citing, *e.g.*, *Booker v. United States*, 3:14-cv-341-MOC, 2014 WL 7339186, at *6-7 (W.D.N.C. Dec. 23, 2014), *appeal dismissed sub nom. United States v. Booker*, 673 F. App'x 340 (4th Cir. 2017) (unpublished) (per curiam)). However, Defendant does object that his case is distinguishable from *Booker* and the other decisions cited by the Magistrate Judge because "no[]where in the plea colloquy can it be shown that [Defendant] was instructed as to the elements of the charge." (*See* CV Doc. 11 at 3-4). This objection is essentially a rehash of Defendant's objection to the Magistrate Judge's proposed finding that his plea agreement was knowing and voluntary, and the Court overrules this objection for the reasons discussed as to Ground One *supra*.

As for Ground Four, the Magistrate Judge found no prejudice because the agents' initial questions at the immigration checkpoint were appropriate, the circumstances observed by the agents justified Defendant's referral to a secondary inspection area, and the agents' subsequent search and detention of Defendant were proper given Defendant's circumstances, observed behavior, and subsequent voluntary consent to a search. (*See* CV Doc. 10 at 25-28) (citing

*United States v. Ludlow*, 992 F.2d 260, 262-65 (10th Cir. 1993)).[2] Defendant objects that his search was "unsupported by probable cause" because it was "pretextual." (CV Doc. 11 at 5). But even if pretext could be established, the Magistrate Judge correctly determined that Defendant has not challenged the facts underlying his arrest as discussed in the CBP incident report, which were sufficient under the Fourth Amendment to justify the reasonableness of his detention. (*See* CV Doc. 10 at 26-28 & n.7). Where a search and seizure are justified as objectively reasonable on the factual record before the Court, it is erroneous to inquiry into the subjective "improper motives" of the arresting officers. *See, e.g.*, *Whren v. United States*, 517 U.S. 806, 813 (1996) ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis."); *Apodaca v. City of Albuquerque*, 443 F.3d 1286, 1289 (10th Cir. 2006) ("The constitutionality of an arrest does not depend on the arresting officer's state of mind."). This objection is overruled.

Finally, Defendant objects that trial counsel should have filed a motion to suppress based on an alleged "disparity between the amount of methamphetamine recovered and submitted to the laboratory." (CV Doc. 11 at 5); (*see also* CV Doc. 8 at 7) (raising this issue in reply brief supporting habeas motion). As the Magistrate Judge concluded, Defendant waived this argument by failing to raise it in his § 2255 motion and instead asserting it for the first time in his reply brief. *See, e.g.*, *United States v. Johnson*, 732 F. App'x 638, 652 n.11 (10th Cir. 2018) (citing *United States v. Beckstead*, 500 F.3d 1154, 1173 (10th Cir. 2007)). Additionally, Defendant has repeatedly admitted that the substance found on his person was methamphetamine. (*See, e.g.*, CR Doc. 26 at 4-5); (CV Doc. 7 Ex. 1 at 11-12); (CV Doc. 7 Ex. 7 at 2); (*see also* CV Doc. 1 at 8)

---

[2] The Magistrate Judge proposed in the alternative that the Court could determine that Defendant had abandoned the argument that his search and detention were illegal under the Fourth Amendment (*see id.* at 24), pointing to Defendant's apparent concession in his reply brief that these acts were permissible under the United States Constitution and that it was only the New Mexico *state* constitution that was violated (*see* CV Doc. 8 at 6-7). Defendant now directly disavows this reading of his reply brief. (*See* CV Doc. 11 at 5). Although the Court finds merit in the Magistrate Judge's interpretation of Defendant's arguments, the Court need not address this question because Defendant's search and seizure were proper under the Fourth Amendment in any case.

(acknowledging that agents "disc[o]vered the drugs on my person"). There is, therefore, no indication that Defendant would have gone to trial but for his attorney's failure to move for suppression on the basis of the purported discrepancy in narcotic amounts. *See, e.g.*, *Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). The Court overrules Defendant's objection on this point.

After conducting a *de novo* review of the filings and the PFRD in light of Defendant's objections, the Court adopts the Magistrate Judge's proposed findings and recommendations regarding Defendant's ineffective-assistance claims and overrules his corresponding objections.

C.  Appointment of Counsel and Hearing

The Magistrate Judge recommends that counsel be appointed to represent Defendant as to Ground Three, in which Defendant asserts that trial counsel provided ineffective assistance by ignoring his instructions to file an appeal. (*See* CV Doc. 10 at 23). Defendant was represented by the Federal Public Defender in the underlying criminal action, and Defendant has been in the Government's custody since his arrest in February 2019. (*See generally* No. 2:19-CR-01379-KG-KRS). The Court finds that Defendant is financially unable to obtain counsel to represent him, *see, e.g.*, *United States v. de Hernandez*, 745 F.2d 1305, 1310 (10th Cir. 1984), and that counsel should be appointed from the CJA Panel of Attorneys to represent Defendant in this habeas corpus proceeding.

The Magistrate Judge further recommends that an evidentiary hearing be held as to Ground Three. (*See* CV Doc. 10 at 29). The Court will direct the Magistrate Judge to conduct this hearing and to submit to the Court proposed findings of fact and a recommended disposition as to that claim.

D.  Certificate of Appealability

Following each objection, Defendant argues that the Court should grant a certificate of appealability on each asserted ground for relief. (CV Doc. 11 at 2, 4, 6). Rule 11(a) of the Rules Governing § 2255 Proceedings provides that a certificate of appealability may be issued when the Court "enters a final order adverse to the applicant." Because the Court has not resolved Ground Three of Defendant's motion, this is not the time to enter a final order, and a certificate of appealability should not be issued at this point in proceedings. Should Defendant's motion ultimately be denied, the Court will resolve the issue of a certificate of appealability at that time.

### III.   CONCLUSION

IT IS, THEREFORE, ORDERED that:

1)   the Magistrate Judge's PFRD (CV Doc. 10) is ADOPTED;

2)   Defendant's § 2255 motion (CV Doc. 1); (CR Doc. 40) is DENIED as to Grounds One, Two, and Four;

3)   the Magistrate Judge is DIRECTED, pursuant to 28 U.S.C. § 636(b)(1)(B), to hold an evidentiary hearing concerning the issues raised in Ground Three of Defendant's § 2255 motion and to thereafter submit an analysis, including findings of fact and recommended disposition, to the Court as to that claim; and

4)   counsel shall be APPOINTED from the CJA Panel of Attorneys to represent Defendant as to Ground Three of his § 2255 motion.

_____
UNITED STATES DISTRICT JUDGE